Original proceeding by the St. Petersburg Kennel Club, a corporation, for a writ of mandamus commanding Charles F. Baldwin, as Chairman, and others, as Secretary and Commissioners of the Florida State Racing Commission, to rescind the commission's rule prohibiting licensed operators of dog racing tracks within 50 miles from licensed horse racing tracks from conducting matinee programs during horse racing licensees' authorized racing seasons. On relator's motion for a peremptory writ.
Motion granted.
Respondents, State Racing Commission, promulgated the following rule relating to matinee programs at racing meets:
"No permittee licensed by Florida State Racing Commission to operate a dog racing track at a location within a radius of fifty miles from the location of a permittee *Page 437 
licensed by said Commission to operate a horse racing track shall conduct a matinee program between the hours of twelve noon and seven P.M. during the duly authorized racing season of such horse racing permittee."
Alternative writ of mandamus was directed to the State Racing Commission commanding it to rescind the quoted rule and revert to the practice of prohibiting matinee programs when two such tracks are located within the same county. Relator moves for peremptory writ of mandamus despite the return of respondent to the alternative writ.
The point for determination is whether or not the quoted rule is within the power delegated to the respondents, State Racing Commission.
The law defining the powers and duties of the State Racing Commission is subsections 1 and 4, Section 550.02, Florida Statutes of 1941, as amended by Chapter 24348, Acts of 1947, F.S.A. § 550.02(1, 4), as follows:
"(1) Fix and set the dates for racing in any county where there are one or more horse tracks or one or more dog tracks seeking to race and holding ratified permits upon which any track can operate in any county, apportioning such dates to the several tracks in such counties as provided by law; provided, however, that where only one licensed dog track is located in a county, such track may operate ninety days during the racing season at the option of said dog track; provided, however, that no horse tracks licensed to engage in the conduct of running races located within one hundred air miles of each other shall operate on the same dates. * * *
"(4) Make rules and regulations for the control, supervision and direction of all applicants, permittees and licensees, and for the holding, conducting and operating of all race tracks, race meets or races held in this state; provided, such rules and regulations shall be uniform in their application and effect, and the duty of exercising this control and power is made mandatory upon such commission."
The chronology of pari-mutual racing in this State is embodied in Chapter 14832, Acts of 1931, Chapter 17276, Acts of 1935, Chapter 22072, Acts of 1943, including the Chapter quoted from in the preceding paragraph which both parties agree to be the applicable law to this case. Relator contends that an inspection of the applicable part of Section 550.02 reveals (1) that the county is a unit by which the State Racing Commission is bound in the allocation of dog racing dates and (2) if there is only one licensed dog track in the county it may operate ninety days within the racing season at its option.
It is admitted that relator is the only dog racing track in Pinellas County, that it has done a profitable business since it was granted a permit early in the history of dog racing, and that Sunshine Park, for whom it is alleged that the rule in question was promulgated, is located in Hillsborough County about twenty miles from the track of relator, and that it has been operating in the red from its organization several years ago. Respondents rely on State ex rel. Hollywood Jockey Club, Inc. v. Stein,133 Fla. 530, 182 So. 863, to uphold the rule.
Paragraphs 1 and 4 should be read so as to give them and the rule complained of a field of operation if possible. It is quite evident that any rule or regulation promulgated under paragraph 4 as quoted is limited to the control and direction of appellants, permittees and licensees for holding, conducting and operating race tracks and race meets and must be uniform in their application and effect. They cannot transcend the power vested in respondents under paragraph 1, such power being (1) to fix and set dates for racing in any county where there are one or more authorized horse tracks or dog tracks seeking dates for racing, (2) apportion such dates to the several tracks as required by law, provided that where only one licensed dog track is located in the county it may at its option operate ninety days during the racing season.
It is obvious that relator is protected by the proviso in the preceding paragraph authorizing it to operate ninety days during the racing season, it being the only dog track in the County. We construe the *Page 438 
words in paragraph 4, "such rules and regulations shall be uniform in their application and effect," to be of statewide application and effect, there being no attempt in the law at classification on any basis. If the rule complained of violates limitation (1) or (2) preceding paragraph in its practical application, it transcends the power of the State Racing Commission.
Relator contends that the rule complained of is discriminatory in that it bears only on St. Petersburg, Tampa and Miami, while it has no relation to Jacksonville, Daytona, Sarasota, West Palm Beach, Fort Lauderdale and other points. The facts alleged show this and the motion for peremptory writ admits it but it may not necessarily be conclusive. It is our view that the legislature fixed the county as a unit for the regulation and the rule violates this requirement. In other words, when the law allows one dog track in the county to operate ninety days at its option, the racing Commission cannot impose a rule that materially restricts this operation.
The motion for peremptory writ is therefore granted.
It is so ordered.
ADAMS, C.J., and TERRELL, CHAPMAN, and BROWN, JJ., concur.